UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

Action Floor Systems, LLC

                            Plaintiff,

vs.                                                   Civil Action No.:  14-cv-103

Chambers & Sons Flooring, Inc.

                            Defendant.

**MOTION IN THE ALTERNATIVE FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, AND
REQUEST FOR BRIEFING SCHEDULE**

**PROCEDURAL BACKGROUND**

Plaintiff, Action Floor Systems, LLC ("Action"), commenced this action by filing its Complaint on February 13, 2014, seeking to recover from the defendant, Chambers and Sons Flooring, Inc. ("CSF"), approximately $240,000 owed by CSF for flooring materials that Action supplied to CSF, which CSF sold to others. (Docket #1.) CSF was properly served on February 17, 2014 (Docket #4), and CSF responded to Action's Complaint by filing its Rule 12(b) Motion to Dismiss on March 10, 2014 (Docket #10). Action filed its response brief and materials in opposition to CSF's Rule 12(b) Motion on a timely basis (the same date that this motion is filed).

**REQUEST FOR LEAVE TO TAKE PERSONAL JURISDICTION AND VENUE DISCOVERY**

In its response brief and materials to CSF Rule 12(b) Motion, Action respectfully submits that it sets forth a *prima facie* case for personal jurisdiction, such that this Court can deny CSF's motion, based on the current record. If the Court concludes otherwise at this stage, then Action

requests that the Court grant it 60 days to conduct limited discovery with respect to the personal jurisdiction and venue issues raised in CSF's Motion to Dismiss and affidavits attached thereto. Additionally, Action requests that, after completion of such discovery, it be given an additional 21 days to respond to the issues presented in CSF's Motion to Dismiss.

## DISCUSSION

Decisions of this Court, and decisions of other courts within the Seventh Circuit, have permitted jurisdictional discovery in similar instances. The Seventh Circuit has clearly held that it is within the discretion of the district court to allow a plaintiff to conduct limited discovery in order to establish that jurisdiction exists. *Cent. States, Se. and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). The only limits on this discretion are that a plaintiff must first make out a colorable or *prima facie* case that jurisdiction exists. *Id.*

If permitted, Action desires to take discovery (both through depositions and through written discovery) on the issues identified in the Affidavit of Alexander Pendleton, filed herewith.

Action submits that an order permitting discovery here is particularly appropriate given that (1) in their sworn statements, the Chambers did not attempt to rebut or address many of the specific allegations Action makes regarding personal jurisdiction in ¶ 4 of the Complaint (Docket #10); (2) the Chambers have repeatedly disregarded the distinctions between themselves and their companies (CSF and RAM-PACX, Inc.), both on their website, in sworn statements to the USPTO, and in their communications with Action (Abendroth Aff. ¶¶ 14-15, 38-41); (3) there is a reasonable basis to believe that discovery will establish additional evidence on the multiple factors under Pennsylvania law that go into deciding whether a corporate entity should be disregarded, and that such evidence will support disregarding the distinctions between the Chambers and their

companies (see *id.* and Pendleton Aff. ¶¶ 2-3); and (4) the evidence on that issue is uniquely in the possession of the Chambers and their companies, and is not available from public sources.

Much of the evidence that would be sought would relate to how the Chambers have disregarded the distinctions between themselves and their companies (CSF and RAM). (Pendleton Aff. ¶ 3.) It is well-established that a court may exercise personal jurisdiction over a defendant, by attributing to that defendant the contacts that its alter ego has with the forum. *See Minn. Mining & Mfg. Co., v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (Fed. Cir. 1985); *Taurus IP v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905, 919 (W.D. Wis. 2007) (citing *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998)). Indeed, although "[t]he alter ego doctrine and related doctrines are typically employed to pierce the corporate veil or disregard a corporate fiction to reach a controlling entity" for **liability purposes**, **these doctrines are also "relevant to . . . personal jurisdiction**." *Taurus IP*, 519 F. Supp. 2d at 918-19 (emphasis added). Stated simply, where a party has treated a business entity as an alter ego, the court may treat the party and the entity as one and the same for jurisdictional purposes. *Id.* at 919; *DePuy Orthopaedics, Inc. v. Gault South Bay, Inc.*, Case No. 3:07-CV-425RM, 2007 WL 3407662, at *5 (N.D. Ind. Nov. 13, 2007). Here, Action has not relied upon mere allegations that Chambers and their companies are alter egos of each other, but have instead provided competent evidence of the Chambers' disregard of the corporate entities. (Abendroth Aff. ¶¶ 14-15, 38-41.)

The time Action is requesting for jurisdictional discovery (60 days), is reasonable and consistent with the time periods courts in similar cases have granted. *See Black & Decker, Inc. v. Shanghai Xing Te Hao Indus. Co.,* No. 02-c-4615, 2003 WL 21383325, 4 (N.D. Ill. June 12, 2003) (court stays ruling on motion to dismiss to allow eight weeks for jurisdictional discovery, and sets further briefing schedule after discovery completed); *Owner Operator Resources, Inc. v. Maag*,

No. 1:02-CV-332, 2003 WL 21911061, *8 (N.D. Ind. March 28, 2003) (allowing discovery until depositions could be completed).

## CONCLUSION

As indicated in Action's response brief as to CSF's Rule 12(b) Motion, Action respectfully requests that the Court deny CSF's Rule 12(b) Motion, but if at this stage the Court is not ready to do so, alternatively, Action respectfully requests that the Court hold off on deciding CSF's motion, and grant Action's motion for a limited amount of time (60 days) to conduct discovery limited to issues relevant to CSF's Rule 12(b) Motion, and for a limited amount of time (21 days) after the completion of discovery to submit a brief to the Court.

Respectfully submitted this 1st day of April, 2014.

*s/ Alexander T. Pendleton*
Alexander T. Pendleton
Wis. State Bar No. 1011759
Counsel for Plaintiff

**Mailing Address:**

Pendleton Legal, S.C.
250 E. Wisconsin Avenue, Suite 1800
Milwaukee, WI 53202
Telephone:     (414) 963-1377
Facsimile:     (414) 455-7223
Email:         pendleton@pendletonlegal.com